UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DELANO TURNER,

                Petitioner,                Case No. 1:13-cv-182

v.                                          Honorable Paul L. Maloney

BONITA HOFFNER,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's claim is procedurally defaulted.

**Factual Allegations**

Petitioner Kevin Delando Turner presently is incarcerated at the Lakeland Correctional Facility. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of bank robbery, MICH. COMP. LAWS § 750.531. On October 4, 2010, he was sentenced as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of seven years and eleven months to twenty-five years.

Petitioner appealed his convictions to the Michigan Court of Appeals, challenging the admission of a statement of a confidential informant as a violation of the hearsay rule and a violation of Petitioner's right to confrontation under the Sixth Amendment. Petitioner also raised a challenge to his sentence scoring.

The Michigan Court of Appeals summarized the facts as follows:

> On August 3, 2009, Audry Loosier was employed as a teller with the National City Bank in Kalamazoo, Michigan. While working at the bank, a man walked into the bank and approached Loosier's teller window. The man said to Loosier: "I'm serious, give me your large bills." The man placed his hand in his pocket insinuating that he had a weapon. Loosier gave the man $1,600 to $1,700 in $100 and $50 bills. The man set an envelope down at Loosier's window to collect the money, but before Loosier could place the money into the envelope, the man grabbed the money and left. Loosier testified that during the robbery the man was two feet away from her and the whole incident lasted less than a minute. When the police arrived following the robbery, Loosier noticed that the envelope was left on the counter in front of Loosier's window. She gave the envelope to the police. Partial fingerprints and a partial palm print were found on the envelope which were matched to defendant. Loosier was not able to identify a suspect from a police lineup.
>
> Rebecca Lewis, another employee of the National City Bank, saw an African American male, wearing a brown shirt and a white hat walking into the bank and then leaving the bank. Lewis confirmed, using surveillance videotape, that the man she saw was the one who robbed the bank. Sean Burgess, employed in an unspecified law enforcement capacity, met with defendant every week for up to ten minutes. Burgess identified defendant as the man in the surveillance videotape and photographs. When asked for the basis of his identification, Burgess stated: "[f]acial recognition. Um, the way the man carried himself, the way the man was described

to investigators matches the exact description as how I know him to be. And positive [identification] was made by me through these photographs."

Detective Greg Cordes with the Kalamazoo Department of Public Safety talked with defendant concerning defendant's fingerprints being found on the envelope. Defendant explained to Cordes that he had given the envelope to a person named "Bud." Defendant also told Cordes that he had been fishing on the day the robbery occurred. At a subsequent hearing, Cordes heard defendant say that he went to Kalamazoo before going fishing on the day the robbery occurred.

At trial, defendant produced his mother, Myrtlene Williams, who testified that on the date of the robbery defendant was at her house. The jury convicted defendant as stated above and defendant was sentenced by the trial judge to 95 months to 25 years. This appeal then ensued.

(1/24/12 Mich. Ct. App. Op. (MCOA Op.), docket #1-1, Page ID##47-48.) In an unpublished opinion, the court of appeals affirmed the conviction. (*Id.*) Petitioner sought leave to appeal to the Michigan Supreme Court, apparently raising the same issues. The supreme court denied leave to appeal on June 25, 2012. (6//25/12 Mich. Ord., docket #1-1, Page ID#68.)

In his habeas petition, Petitioner raises only the constitutional issue:

WHETHER THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AMENDMENT CONFRONTATION RIGHT BY ADMITTING, OVER PETITIONER'S OBJECTION, THE HEARSAY STATEMENTS OF A NON-TESTIFYING CONFIDENTIAL INFORMANT.

(Pet., docket #1, Page ID#7.)

## Discussion

I.    Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

II. Confrontation Clause

Petitioner contends that the state court violated his rights under the Confrontation Clause by admitting Officer Cordes' testimony about the statement of the confidential informant. The Confrontation Clause of the Sixth Amendment gives the accused the right "to be confronted with the witnesses against him." U.S. CONST., Am. VI. The Supreme Court has long read this right as securing an adequate opportunity to cross-examine adverse witnesses. *United States v. Owens*, 484 U.S. 554, 557 (1988) (citing *Mattox v. United States*, 156 U.S. 237, 242-43 (1895) and *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)). Testimonial out-of-court statements by witnesses are barred under the Confrontation Clause unless witnesses are unavailable and defendants had a prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by the court. *Crawford v. Washington*, 541 U.S. 36 (2004) (abrogating *Ohio v. Roberts*, 448 U.S. 56 (1980)).

The Michigan Court of Appeals concluded that the issue had not been preserved and reviewed it only for plain error:

> On appeal, defendant argues that the trial court was clearly erroneous in allowing Cordes' testimony concerning a confidential informant's tip. Defendant argues the trial court clearly erred for two reasons: (1) the testimony elicited violated the Confrontation Clause, US Const, Am VI; Const 1963, art 1, § 20 and (2) the

testimony was unfairly prejudicial under MRE 403. During trial, the following colloquy occurred between the assistant prosecutor and Cordes:

> Q: All right. When was it that you finally developed this particular defendant as a potential suspect?
>
> A: After looking at numerous suspects, we received a confidential informant tip from a person who gave us a statement that said that either Kevin or Kelvin was the person who had robbed the bank. After I later talked to that confidential informant, they informed me that the last name was Turner also. After doing research in our I-LEADS computer which is our police in house computer, I was able to locate Kevin K-E-V-I-N Turner.

Defendant did not raise his Confrontation Clause claim until his appeal, and therefore the issue is not preserved. *People v Pipes*, 475 Mich 267, 277-278; 715 NW2d 290 (2006). Unpreserved claims of constitutional error are reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Pursuant to US Const, Am VI; Const 1963, art 1, § 20, a defendant has the right to be confronted with the witnesses against him. The Confrontation Clause prohibits the admission of out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination. *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004). A statement by an informant to the authorities generally constitutes a testimonial statement. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007), citing *United States v Cromer*, 389 F.3d 662, 675 (CA 6, 2004). However, a testimonial statement offered for a purpose other than establishing the truth of the matter asserted is not barred by the Confrontation Clause. *People v McPherson*, 263 Mich App 124, 133; 687 NW2d 370 (2004), citing *Crawford*, 541 US at 59 n 9, which states, in relevant part: ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *See Tennessee v Street*, 471 US 409, 414, 85 L Ed 2d 425, 105 S Ct 2078 (1985).) Thus, if the statement at issue here was offered for a purpose other than the truth of the matter asserted, the State did not violate defendant's rights under the Confrontation Clause.

The statement at issue was elicited by the assistant prosecutor to ascertain when it was that police "developed" defendant as a suspect in this case. The response was that defendant became a suspect when police received a tip from a confidential informant. Hence, the statement was offered not to prove the truth of the matter, but rather to show its effect. This Court has held that " . . . a statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause." *Chambers*, 277 Mich at 11; citing *People v Lee*, 391 Mich 618, 642-643; 128 NW2d 655 (1974). Additionally, a statement, such as the one at issue in this case, offered to show why police officers acted as they did, is not

hearsay. *People v Jackson*, 113 Mich App 620, 624; 318 NW2d 495 (1982). Consequently, the trial court did not commit plain error in allowing Cordes' testimony under the Confrontation Clause. *Carines*, 460 Mich at 763.

On appeal, defendant also argues that the testimony's relevance was substantially outweighed by the danger of unfair prejudice. At trial, however, defendant objected to the testimony on the grounds that it was hearsay. This claim is thus not preserved. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Unpreserved claims of erroneously admitted evidence are reviewed for plain error. *People v Hawkins*, 245 Mich App 439, 447; 628 NW2d 105 (2001). In general, "all relevant evidence is admissible." MRE 402. "Relevant evidence" means "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

We cannot find that the statement by Cordes presented to the jury was unfairly prejudicial. While Cordes said that the informant provided defendant's name, that fact could have been inferred by the jury from the context of the testimony. Moreover, Cordes' testimony was limited to the statement that he investigated defendant in response to a tip. Cordes did not provide details of surrounding circumstances, and the testimony was given for the purpose of explaining why defendant was investigated as a suspect. Cordes' testimony was not substantially outweighed by the danger of unfair prejudice. Thus, there was no plain error. In reaching our conclusion, we note that defendant's reliance on *People v Wilkins*, 408 Mich 69, 71; 288 NW2d 583 (1980), is misplaced. In that case, our Supreme Court reversed a conviction because the trial court allowed a police officer to testify concerning the details of a confidential tip, including when the crime would occur, where the suspect was, that the suspect was armed, what the suspect would be wearing, the model of his car, and even his license plate number. Our Supreme Court stated that the statement in *Wilkins* went beyond simply providing the reason why the officers acted in the way that they did, the error, was premised on the fact that the statement offered "also provided the jury with the content of an unsworn statement of an informant who was not produced at trial. This statement pointed to the defendant's guilt of the crime charged." *Wilkins*, 408 Mich at 74. Here, Cordes' testimony did not reveal the content of the informant's tip other than defendant's name. The basis for the finding of prejudice in *Wilkins* is not present in this case.

Even if we found error under either the Confrontation Clause or MRE 403, defendant failed to prove that the admission of the evidence affected the outcome of the lower court proceedings. *Carines*, 460 Mich at 763, or that the error was not harmless. *See People v McAllister*, 241 Mich App 466, 469; 616 NW2d 203 (2000). Review of the record reveals that using the bank's surveillance videotape, two people

identified defendant as the man who robbed the bank. Additionally, a palm print and a fingerprint found on the envelope left by the perpetrator were matched to defendant. Hence, there was sufficient evidence that defendant robbed the bank, independent of Cordes' testimony. *See People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The testimony at issue was brief, was a proper response to the question presented, and gave no more information than the name of the defendant. It was not offered to prove that defendant had robbed the bank, but rather for the limited purpose of one of the reasons why the police came to view defendant as a suspect. We therefore hold that the trial court did not commit plain error requiring reversal. *Carines*, 460 Mich at 763.

(MCOA Op., Page ID##48-50.)

The Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection rule in denying Petitioner's claim. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual

prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

It is clear that the contemporaneous objection rule was well-established at the time of Petitioner's trial. *See, e.g.*, *People v. Kelly*, 378 N.W.2d 365, 369-70 (Mich. 1985). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 385 (2002). Moreover, Petitioner does not dispute the court of appeals' determination that, while Petitioner lodged an objection to the hearsay nature of the testimony, he did not pose an objection that put the trial court on notice of his constitutional claim. As a result, Petitioner unquestionably failed to follow the state procedural rule. Further, the fact that the Michigan Court of Appeals subsequently reviewed Petitioner's claim for plain error "does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000) (citations omitted); *see also Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011); *Scott v. Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000). Petitioner's failure to comply with the state's independent and adequate state procedural rule, *i.e.*, making a contemporaneous objection, therefore caused him to default his claims in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Taylor*, 649 F.3d at 450; *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir.

2010); *Lancaster*, 324 F.3d at 437; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). Accordingly, review by this court is barred unless Petitioner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 485.

To show cause sufficient to excuse a procedural default, Petitioner must point to "some objective factor external to the defense" that prevented him from following the state procedural rule. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not attempted to explain his failure to lodge a contemporaneous objection. He therefore has not demonstrate cause for his procedural default. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). Accordingly, because Petitioner's claim is procedurally barred, his application for habeas review should be denied.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it is procedurally defaulted.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court denied Petitioner's application on the that it was procedurally defaulted. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claim on the ground that it was procedurally defaulted. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability. Accordingly:

A Judgment and Order consistent with this Opinion will be entered.


Dated:   March 14, 2013                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge